CORA LEE TAYLOR, ADMINISTRATRIX OF THE ESTATE OF J. H. TAYLOR, DECEASED, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 25 May, 1938.)

**Railroads § 9—Evidence held insufficient to establish doctrine of last clear chance in failure of defendant to stop train before serious injury.**

Intestate was thrown upon the "cow-catcher" of defendant's engine after it had struck intestate's car. Plaintiff sought recovery upon the contention that defendant was negligent in failing to stop the train before intestate had been hurled therefrom to his death, and that the facts established that defendant had the last clear chance to avoid the serious injury and death of intestate. Judgment as of nonsuit is affirmed on appeal upon authority of *Batchelor v. R. R.*, 196 N. C., 84.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Bone, J.,* at November Term, 1937, of EDGECOMBE. Affirmed.

This is an action for actionable negligence—death by wrongful act—brought by plaintiff against defendant for killing plaintiff's intestate at a railroad crossing in Rocky Mount, N. C., on 19 November, 1935, at 7:15 a.m. N. C. Code, 1935 (Michie), section 160.

In the plaintiff's amended complaint it is alleged as negligence of defendant that it failed "(d) To keep a proper lookout so as to be aware that the plaintiff's intestate had been hit by defendant's engine and was precariously hung upon the 'cow-catcher' of said engine; and (e) to stop its locomotive after having struck the car of the plaintiff's intestate and before the defendant had hurled the plaintiff's intestate to his death, the said defendant having brought about the death of the plaintiff's intestate by its wrongful conduct and having under all the facts the last clear chance to avoid the serious injury and death of said intestate."

The defendant denied the material allegations of the complaint and set up the plea of contributory negligence. The defendant admitted the municipal ordinance of Rocky Mount as to the speed limit.

The plaintiff contends that there was at least evidence to be submitted to the jury on the last clear chance doctrine. The court below, at the close of plaintiff's evidence, on motion of defendant, sustained a motion for judgment as in case of nonsuit. C. S., 567. The plaintiff excepted, assigned error and appealed to the Supreme Court.

*B. H. Thomas and Battle & Winslow for plaintiff.*
*F. S. Spruill, Gilliam & Bond, Thos. W. Davis, and V. E. Phelps for defendant.*

PER CURIAM. The present case comes within the rule laid down in *Batchelor v. R. R.,* 196 N. C., 84, relied on by defendant.

The judgment of the court below is

Affirmed.

SEAWELL, J., took no part in the consideration or decision of this case.

---

NATHAN COLE v. J. N. BRYANT.

(Filed 25 May, 1938.)

**1. Trial § 4: Appeal and Error § 37b—**

A motion for continuance is addressed to the sound discretion of the trial court, and the denial of the motion is not reviewable in the absence of abuse of discretion.

**2. Trial § 11: Appeal and Error § 24—**

When there is no exception to the court's finding that the parties consented to a consolidation of the actions for trial, an exception to the order of the court consolidating the actions will not be sustained.

APPEAL by defendant from *Spears, J.,* at October Term, 1937, of NEW HANOVER. No error.

*R. G. Grady for plaintiff, appellee.*
*Wm. F. Jones for defendant, appellant.*

PER CURIAM. Three separate actions by the plaintiff to recover of the defendant attorneys' fees for services rendered in three separate cases were consolidated for the purpose of trial. The principal assignments of error urged on appeal are, first, to the refusal of the court to allow a motion for a continuance of the cases, and, second, to the order of the court consolidating the actions for trial.

The first assignment of error cannot be sustained, since the continuance of a case rests in the sound discretion of the trial court and is not reviewable, in the absence of an abuse of discretion. McIntosh, N. C. Practice & Procedure, par. 502, pp. 529-30. We find no abuse of discretion in the refusal to allow a continuance in the instant cases.

The second assignment of error cannot be sustained for the reason that the court finds as a fact in the judgment that the cases were consolidated by consent, the language being as follows: "The above entitled causes, coming on for hearing before his Honor, and a jury, by consent of the plaintiff and defendant, the three separate independent suits by